## Commonwealth v. Amaker

*Kevin A. Hess,* First Assistant District Attorney for Commonwealth.
*Warren R. Hamilton,* for defendant.

SHUGHART, *P.J.*, June 29, 1982—Following the entry of a plea of guilty on December 11, 1981, defendant was sentenced on June 15, 1982, to undergo imprisonment in a state correctional institution for not less than one nor more than six years. After all of the offices of the courthouse were closed at 4:30 p.m. on Friday, June 25, 1982, a petition for modification of the sentence was delivered to the courthouse and signed for by the security guard at 4:50 p.m. Petition was delivered to the writer, the sentencing judge, in the morning of June 28, 1982. Petition indicates that the court has authority to modify the sentence on an application filed within thirty days after sentencing, referring to section 5505 of the Judicial Code, 42 Pa.C.S. §5505. It is clear, however, that the petition for

modification of sentence is governed by Pa.R.Crim.P. 1410, which provides that a motion to modify shall be filed within ten days after the imposition of sentence. Technically, the motion is not timely and could be refused on that basis.

Nevertheless, since the petition was delayed by only one day, we prefer to treat the application on its merits. In the petition defendant avers that he did not have available at the time of sentencing information that his uncle would employ him at his place of business, a barbershop, and, therefore, he failed to relate this to the court. At the time of sentencing, defendant made a statement covering almost two pages of the record. He did not, of course, refer to the fact that he had a job available with his uncle, because he did not know that. It is clear, however, that the court predicated the sentence on defendant's extensive past record, that there was no excuse for the magnitude of the offense, and that any lesser sentence would depreciate the seriousness of the offense. Under these circumstances, even if the court had been aware of the existence of a job, the sentence imposed would have been the same. The absence of employment formed no basis whatsoever for the sentence. In view of this circumstance and the fact that no other basis for review has been stated, the petition for modification of the sentence is denied without a hearing.

ORDER

And now, June 29, 1982, for the reasons set forth above, the motion to modify the sentence be and is hereby overruled and denied.